## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CONER REED,**

**Plaintiff,**                                                    **Case No. 8:22-cv-02706**

**v.**

**FIRST CONTACT, LLC,**

**Defendant.**

_____/

## COMPLAINT

**NOW COMES** Plaintiff, CONER REED, by and through his undersigned counsel, complaining of Defendant, FIRST CONTACT, LLC, as follows:

### NATURE OF THE ACTION

1.      This action is seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because Defendant conducts business in the Middle District of Florida and all of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4.      CONER REED ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided Birmingham, Alabama.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6.      FIRST CONTACT, LLC ("Defendant") is a Florida limited liability company with its registered office address in Tallahassee, Florida, and its principal executive office in St. Petersburg, Florida. First Contact specializes in providing debt collection services to its clients in the financial services industry.

7.      Defendant maintains its principal place of business at 200 Central Avenue 7th Floor STE Petersburg, Florida 33701.

8.      Defendant is a debt collection agency that collects debts owed to third parties.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of  Defendant's business is the collection of debt owed to others.

## FACTUAL ALLEGATIONS

10.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0432.

11.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

12.     Plaintiff applied for a credit card with Credit One Bank.

13.     Upon approval, Credit One Bank mailed Plaintiff a credit card.

14.     Plaintiff activated his credit card and made charges on the credit card for personal and household purposes.

15.     While Plaintiff initially made payments on his credit card, the payments ceased due to a financial hardship and Plaintiff's account fell into default ("subject debt").

16.     The subject debt is a "consumer debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal and household purposes.

17.     Shortly after the payments ceased, Credit One Bank placed the subject debt with Defendant for collection.

18.     In or around late January 2022, Plaintiff started to receive collection phone calls from an entity purporting to be "Credit One Bank."

19.     On multiple occasions, Plaintiff answered these collection calls and made oral requests that the calls stop.

20.     Despite Plaintiff's requests that the collection calls cease, the collection calls persisted.

21.     On February 21, 2022, Plaintiff initiated arbitration proceedings against Credit One Bank seeking redress for the harassing collection calls.

22.     During the arbitration proceedings, Credit One Bank disclosed that it hired "First Contact, LLC" to collect the subject debt from Plaintiff and that it was Defendant and not Credit One that placed some of the collection calls at issue.

23. In each call that Defendant placed to Plaintiff's cellular phone, Defendant purported itself to be Credit One Bank in an effort to deceptively and misleadingly hide its identity from Plaintiff and consumers generally.

24. In total, Defendant placed dozens of harassing collection calls to Plaintiff on behalf of Credit One Bank after Plaintiff requested that the collection calls cease

25. To date, Plaintiff has not received any written communications from Defendant regarding the subject debt.

## DAMAGES

26. Defendant's constant harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

27. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

28. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

29.     Concerned with having had his rights violated, Plaintiff was forced to retain counsel to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)**

30.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

31.     Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6)     Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

32.     Defendant violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff after being asked to cease its collection calls.

33.     Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

34.     Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

35.     The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

36.     Defendant violated §1692d(6) by falsely identifying itself as "Credit One Bank" instead of identifying itself by its real name. As set forth above, the FDCPA requires a debt collector to meaningfully disclose its identity to a consumer. By holding itself out as "Credit One Bank," Defendant failed to meaningfully disclosure its identity.

<u>**COUNT II:**</u>
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)**

**Violation(s) of 15 U.S.C. § 1692e**

37.     Section 1692e provides

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(14)    The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

38.     Defendant violated §1692e(14) by using a name other than the true name of its business when it falsely held itself out to be Credit One Bank during phone calls with Plaintiff.

<u>**COUNT III:**</u>
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)**

**Violation(s) of 15 U.S.C. § 1692g**

39.    Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1)    the amount of the debt;

(2)    the name of the creditor to whom the debt is owed;

(3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40.    Pursuant to §1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute

the validity of the debt within five days of the initial communication with the consumer.

41.     The validation notice provisions were included by Congress to ensure that consumers receive their dispute rights.

42.     Defendant violated §1692g by failing to send Plaintiff the 30-day validation notice within five days of Defendant's first communication with Plaintiff.

43.     As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. §§ 1692d(5), d(6), e(14) and g(a);

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violations of the FDCPA;

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of reasonable attorney's fees and costs as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: November 28, 2022          Respectfully Submitted,

<u>/s/ Alexander J. Taylor</u>
Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*